UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **WILLIAM WARREN HOLLAWAY, IV** | **CIVIL ACTION NO. 20-1077** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **SHERIFF DUSTY GATES, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Plaintiff William Warren Hollaway, IV, a prisoner at Madison Parish Correctional Center ("MPCC") proceeding pro se and in forma pauperis, filed this proceeding on approximately August 17, 2020, under 42 U.S.C. § 1983. He names the following defendants: Sheriff Dusty Gates, Warden Adams, Major Victor E. Lee, and Lieutenant Austin Blackman.[1] For reasons below, the Court should dismiss Plaintiff's claims.

**Background**

Plaintiff was incarcerated "as a convicted DOC offender" at Union Parish Jail ("UPJ") from January 16, 2020, until July 23, 2020. [doc. #s 1, p. 3; 7, p. 1]. He alleges that Warden Adams, Major Lee, and Lieutenant Blackman "run" UPJ and that Sheriff Gates controls UPJ. [doc. #s 1, p. 3; 1-2, p. 2]. He claims that he suffered mental anguish because from April 2020, to June 2020, Adams, Lee, and Blackman kept the lights on a "bright setting" twenty-four hours every day in his solitary-confinement cell. *Id.*

Plaintiff asked guards and officials to dim or turn off the lights, but "they" told him, "no," because of "set rules made by the facility's administration . . . ." *Id.* He claims that Gates,

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Adamas, and Lee "made, set, and enforce[d]" the policy "that all the inmate confinement cells remain fully illuminated 24 hours per day." [doc. # 7, p. 1].

Plaintiff maintains that keeping the lights on a bright setting all day is "an old form of military torture" which is harmful to mental stability and can cause sleep deprivation and "other psychological mind altering effects . . . ." [doc. # 1, p. 3]. He suffered "psychological pain and mental anguish caused from the deprivation of the identifiable human need of sleep." [doc. # 7, p. 1].

Plaintiff seeks "a set time for lights to be dimmed or turned off as well as a time for lights to be brightened or turned on (5:00 a.m.-10:30 p.m.)." [doc. # 1, p. 4]. Similarly, he asks the Court to order Defendants "to install 40 watt bulbs in every cell and turn off the fluorescent lights at night and turn on the 40 watt bulbs so the light is dim enough for inmates to sleep . . . ." [doc. # 7, p. 2]. He also seeks $145,000.00 for mental health treatment and counseling, mental anguish, pain, and suffering. [doc. #s 1, p. 4; 7, p. 2].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b)

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the

3

same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Injunctive Relief**

Plaintiff seeks injunctive relief for injuries he suffered, and actions he endured, at UPJ from April 2020, to June 2020. As above, he seeks "a set time for lights to be dimmed or turned off as well as a time for lights to be brightened or turned on (5:00 a.m.-10:30 p.m.)." [doc. # 1, p. 4]. Similarly, he asks the Court to order Defendants "to install 40 watt bulbs in every cell and

turn off the fluorescent lights at night an d turn on the 40 watt bulbs so the light is dim enough for inmates to sleep . . . ." [doc. # 7, p. 2].

In short, Plaintiff asks the Court to order UPJ officials to change the policy and practice at UPJ. Plaintiff, however, is no longer incarcerated at UPJ. [doc. # 1]. Thus, the Court should dismiss, as moot, his requests for injunctive relief concerning the conditions of confinement at UPJ.[3] See *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) ("By the time Coleman filed his original complaint, he had been transferred . . . . That transfer mooted his claims for declaratory and injunctive relief . . . ."); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (determining that an inmate's transfer to a different unit rendered claims for declaratory and injunctive relief relating to environmental conditions at the original unit moot); see also *North Carolina v. Rice*, 404 U.S. 244, 246 (U.S. 1971) ("[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.").

**3. Limitation on Recovery Under 42 U.S.C. § 1997e(e)**

Aside from the injunctive relief discussed above, Plaintiff seeks $145,000.00 for mental health treatment and counseling, mental anguish, psychological pain, and suffering. [doc. #s 1, p. 4; 7, p. 2]. He suffered "psychological pain and mental anguish caused from the deprivation of the identifiable human need of sleep." [doc. # 7, p. 1].

Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the

---

[3] Plaintiff does not allege or suggest that there is a reasonable, demonstrable probability that he will be transferred back to UPJ. See *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). "The 'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Here, Plaintiff "brought" this action when he was incarcerated, [doc. # 1], and he seeks monetary compensation for only mental or emotional injuries he suffered in custody. Accordingly, the Court should dismiss Plaintiff's requests for compensatory relief. As Plaintiff does not seek any other cognizable relief for his claims, the Court should dismiss them.

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff William Warren Hollaway, IV's claims, with respect to his requests for injunctive relief, be **DISMISSED AS MOOT**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims, with respect to his requests for monetary compensation, be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 10th day of September, 2020.

Karen L. Hayes
United States Magistrate Judge